Good afternoon. Illinois Appellate Court First District Court is now in session. The Sixth Division. The Honorable Justice Michael B. Hyman presiding. Case number 23-1148. In re the Commitment of Vinson Pieroni. Good afternoon. I'm Justice Hyman. With me is Justice Carol Walker and Justice Celia Gamrath. We will conduct it as if we were in a courtroom. You each have 20 minutes. Mr. Johnson, you can reserve time for reply. And we probably have a lot of questions for you. So we should get started if you unless you have some questions. If not, Mr. Johnson, will you just introduce yourself and how much time you want to. Thank you, Justice Hyman. Michael Johnson on behalf of the appellant Vinson Pieroni, I'd like to reserve three minutes for rebuttal. Okay, thank you. Go ahead for the DHS. Good afternoon, Your Honors. I'm Assistant Attorney General Evan Siegel on behalf of the Illinois Department of Human Services. Thank you. Mr. Johnson. May it please the court, counsel. For more than 18 years, the Department of Human Services has known that Vinson Pieroni experienced trauma and post-traumatic stress due to his own victimization of a sex offense when he was a child. For more than 18 years, Vinson Pieroni has been unable to participate in the group sex offender treatment offered at DHS because it triggers his untreated trauma and PTSD. As a result, for more than 18 years, DHS has done nothing more than warehouse Vinson Pieroni by not providing him with the PTSD treatment he needs in order to participate in group sex offender treatment. I've raised three issues. Mr. Johnson, it kind of gets to a point that's of concern. So if he's not able to get this treatment, are you suggesting that we order them to pay an outside agency to provide that treatment? Because at this point, they don't provide it to anyone. We're not suggesting that we order DHS to do anything in this case. In fact, that's part of our argument why DHS has no standing. Because Section 40 of the SVP Act, it contemplates, the legislature requires DHS to provide treatment in accordance with the court's commitment order. So all we asked was for the court to modify the commitment order to number one, identify PTSD and trauma as treatment targets. And number two, to provide the reasonable condition of individual treatment for that because when he was receiving the group sex offender therapy, that is where the PTSD and trauma were triggering because other individuals who are participating in that group therapy, they need to, well, as part of the disclosure group, they disclose their own sex offenses that they committed. And that was triggering Mr. Veroni to be unable to participate. And then he resorted to his only strategy, which was avoidance and leaving the group. So we're not asking specifically to order DHS to provide or to hire anybody. The issue is, should these be treatment targets for Mr. Veroni? And clearly I would submit the answer is yes. And then also the related answer is based on the testimony and based on the testimony of Dr. Abbott, that the individual therapy was what needed to be done in order to address the PTSD and the trauma. DHS- dictate, is it? Well, I agree with that to a certain extent. And we're not asking for the court to say, well, he's got to have it twice a week and it's got to be this, you know, maybe one of the things we could have asked for was eye movement desensitization and reprocessing, which is a treatment for PTSD. We didn't ask for a specific individual therapy. They could choose what therapy to provide on an individual basis to him. They could determine how often to provide it to him. They could determine who's going to provide it to him. So all the details of how that treatment gets provided to him was left to the discretion of DHS. And even if- Let me ask you, because individual treatment versus group therapy is within the purview of DHS. If the court were to say, you need to do one-on-one therapy or one-on-one treatment, wouldn't that be invading the province of DHS? No. And in fact, there's authority from the Hays decision that shows that it is not. In that case- Well, so Hays is specific. Hays talks about individualized treatment. You take that and say it's individual treatment. Abbott said one-on-one treatment, that's individual therapy. That's what Abbott recommended. And for the court to say, yes, that's how you should do it, seems to me to be unfeasible because Abbott said DHS doesn't provide this. So individualized treatment plan is very different from one-on-one therapy, isn't it? I have two answers to that. And number one, the first answer is, yeah, well, individualized treatment in this case means treating Mr. Paroni's PTSD and trauma because that is what is necessary. Okay. So I don't disagree with you, but you want to take it a step further and say the way to do it is individual therapy versus group therapy. That's where DHS comes in and says, if you tell us to treat his PTSD, we'll do it on our terms in the way that we see fit or based on our resources. But you judge can't tell us that it has to be one-on-one therapy. I disagree that they're not conceding that PTSD and trauma is even a problem. At the bottom of page 28 of their brief, they say that PTSD is irrelevant to sex offender treatment. So DHS is not... Well, what I'm saying is let's assume that that was in his treatment goal. All right. So let's say that the court said, yes, PTSD and trauma, that should be in his treatment goals, period. Then how it's treated is within the purview of DHS, correct? If that was all that was specified in the commitment order, then yes. Okay. So, but you want us to go a step further and tell the court on top of changing the goals, you need to tell DHS to give him individual treatment, aka one-on-one individual therapy like Abbott recommended. Well, I disagree with that. And for two reasons. Number one is that we're not asking for the court to tell DHS to do anything. This is a reasonable condition of treatment as contemplated by Hays. And in Hays, it's not just individualized treatment. Hays, the court approved the trial court's decision to have DHS provide treatment in accordance with the expert's report. And the expert's report in that case had a wide variety of treatment, including saying you have to give him group treatment. So if they can order him to group treatment, he can certainly be ordered to have individual treatment. In fact, the Hays order went even further. It ordered that the person have modifications to his medications. It ordered that he had thyroid testing. It ordered on narcotics anonymous and alcoholic anonymous. But in that case, the Hays trial court adopted that expert's recommendations as its own findings of fact. Here we have experts saying it's not even relevant. Number one. Number two, the Peroni two decision rejected Abbott's recommendations, at least at that time. So the court is not forced to follow Abbott. In fact, if the court followed Abbott, it would be a violation of the statute, wouldn't it? Because Abbott said, Mr. Peroni should be released so that he could have one-on-one treatment twice a week, which DHS and his treatment facility do not provide. So what you're asking for is that second step. Yes, in that case, the court was more specific, but just because our trial court was not, or would not be, doesn't make it wrong. It just says DHS, figure it out based on your own resources and keep in mind in Hays, there were a myriad of options given. Am I correct that Abbott only gave one option and that option was individual therapy? That is correct. And DHS for the last 18 years has not offered any treatment for his PTSD or trauma. Even when we filed the motion in the trial court, they didn't come in and say, we have a plan. No, it's not in his treatment plan. They're not treating him for it. So we can talk about his goals, right? That's why you're here. And if we ruled that, which a court can determine that's part of the goal, if that's part of the goal, then we've done our duty, and then it's up to the department to take it from there. Would you agree with that? Yes. Because all we can do is say, a court can do, is say that that's part of the goal. Well, and I agree that the court can order the goal. I don't even think it's really disputed by DHS that the court can identify the target and the goal. And if that's the relief that is imposed, then that does put the ball back in DHS's court. And then when we have an annual re-examination of the respondent, when we can assess at that point, is DHS meeting the goal? And if not, and this was what was contemplated by the Hayes decision that they did not decide, is if DHS fails to meet the goal, fails to attempt to treat the goal, then what remedy would issue? And this comes back to Justice Walker's initial question, I think. But that's really beyond the scope of this proceeding also. But as long as we get a treatment goal for PTSD and trauma, then we can at least ensure in the trial court that going forward, there's some sort of progress being made by DHS to treat Mr. Peroni for these issues. Because without these issues, he being treated, he can't even get into group treatment. So I just want to make sure that we're in the same page, that we understand what you're saying there. So go ahead, Justice. Otherwise, so what you're saying is what we just discussed. If we entered that, that would provide you with the basis that Mr. Peroni needs in order to hopefully get treatment, whatever that treatment will be, because that's part of the plan for him. Well, I don't exactly agree that they're actually going to do it. And that's part of the problem. Well, we don't know if they're going to do it or not. I mean, that's not our, we can't force them to do anything. That's not our prerogative. That's in their prerogative. But if it's part of the goal, and they don't abide by it, then there are certain things that you can do down the road. Is that correct? I would agree with that. Okay. So that, unfortunately, we have to take it a step at a time because that's the process. And we are not here to tell the DHS how to treat an individual. That's their discretion, not ours. But we are here to lay out the goals for the individuals. And when we look back in the treatment plans that we cited as part of the record, the 2019 treatment plan from DHS identified that Mr. Perrone was unable to participate in disclosure group for more than a week because it triggered his trauma and caused flashbacks. And rather, so they knew it was a problem. And rather than addressing it, rather than providing him some kind of treatment for it, they just said, we're going to give him time to prepare, give him more time for that. I understand. So, but that's, but we're at a different point now and you're in this case is on this issue before us. So what happened in the past happened in the past, but going forward, if we were to agree with what we've been discussing, it seems that is the relief you're seeking. And then the DHS would do whatever they do. And we'd see, you know, that's up to what happens in the future. Well, that is part of the relief that we're seeking. If the court is not going to order individual therapy, then we still believe the court should order the identification of the treatment targets. And we also believe that the court should order that DHS has no standing to participate in this case on remand. Why not? First of all, you didn't file that motion until September. You knew that they had filed an appearance. You knew this state hadn't, and you waited until I think it was September to file your motion. Well, that's correct. Justice Hyman. We did, however, object in the trial court to DHS participated in the case. We filed it as part of our appellant's brief as an issue that on remand, the DHS should not be allowed to participate on remand. So it's always been our position. I don't think that filing the motion to strike their brief was strictly necessary. We were just trying to preserve that issue. But certainly we've preserved that issue from the perspective of we raised in the trial court. Well, I'm not saying they haven't preserved the issue, but isn't that an issue that they have a right to defend whether they are permitted to participate or not? They would be the party that should be making that argument, not someone else. Well, if we go back to taking it one step at a time, let's just talk about the treatment targets. That's just about Mr. Perrone and his commitment order. That has nothing to do with DHS. So they have no standing to go in and say Mr. Perrone should not have these. But it does, Mr. Johnson, to the extent that it's no different if the trial court is ordering the Secretary of State to issue a driver's permit or someone who's previously had a DUI or any other order that the trial court may be ordering an administrative agency to do, the law is clear that the administrative agency has standing to come in and to argue their position on the issuance of an order. And that's no different here. But actually, I want to take you back to something else. The childhood trauma is what's currently the result. That's what has resulted in his PTSD. Is that correct? Based on the record, yes. Based on the record. Okay. And so you're asking us to send it back and for us to order the trial court to identify the PTSD and the trauma as treatment goals. And you're not so concerned about us ordering that there be individualized treatment. You just simply want the PTSD and the trauma to be a treatment goal. Is that correct? I mean, I hesitate to say that. Yes. But I mean, that's part of what we're asking for. Absolutely. Yes. Well, what's the other part? Because that seems to be what you're asking for. And you're asking for something different from that or something more than that? Something more than that would be to ask for the individual treatment to be provided to him. Right. But you just had a dialogue with both Justice Simon and Justice Gammer. And they've explained the difficulty with that to you. I'm sure you, and I know you've been paying attention to them because you've been answering their questions extremely well. So, but there's a problem there. You realize that? I disagree that there's a problem there, but I also recognize that if the court doesn't, is not going to order that, that I'm not going to, you know, but I don't want to concede that issue. I don't want to concede that it's inappropriate to order individual treatment because based on the Hayes case law, I don't think it is. All right. Let me ask this question then. Other than Hayes, in your interpretation of Hayes, what support do you have for that position? The other support comes from Section 40 of the SVP Act, which says that the trial court under 40B2 should consider what arrangements are available to ensure that the person has access to and will participate in necessary treatment. And then goes on to say that DHS shall arrange for control care and treatment of the person in the least restrictive manner, consistent with the requirements of the person and in accordance with the court's commitment order. And in this case, the testimony was that Mr. Peroni's individual needs were to have this individual treatment for PTSD and trauma that were outside of a group setting because the group setting was triggering. But that's only, but again, that was one size expert, your expert, as opposed to agreement among the experts. So there's a difference of agreement and the court can, there's nothing that says the court must take the position of your expert. So you're saying that if there's something that would require a court to follow your expert and not the other side's expert, when you have difference of opinion, is that what I understand? Well, no. But then how do you, otherwise I don't understand. I mean, that the language doesn't say anything about individualized, but you just read, but what you're saying is because the expert, Dr. Abbott, testified to it, then it's required. And that's not the law. And you know, that's not the law. So how do we get there other than Hays? I don't see it in the statute. And I, you know, we have to follow whatever some expert says. Why can't they court follow what they did, the other experts? Well, I think in the trial court, we were positing this as undisputed testimony after the trial court said that it was inclined to order the relief. And so to the extent that, you know, the court is considering conflicting testimony, then there should have been an evidentiary hearing in the trial court, but that never was. Well, that was a different judge. That was a different judge. And that's, that, that is over, that, that proceeding was over. And this is a different judge. I mean, that's another issue you've raised with regard to picking your own judge after the judge went to another call. But those proceedings aren't the same. You have a different judge and the due process does not give you a right to a particular judge as I read the case law. And to follow up on that, did you ask the new judge for an evidentiary hearing in connection with your Hays motion? I believe we did, but I, I'd have to double check the record on that. And let me ask you, I have read a lot of cases dealing with this subject matter. I have never seen something called a Hays motion, at least on appeal. Is there such an animal? Is this a routine thing called a Hays motion? It seems to me that this is kind of something you wanted the court to follow as they did in Hays and just kind of categorized it yourself as a Hays motion. Well, to a certain extent, that's, that's correct. But if you look at the, this is modeled off of the sexually dangerous person case law where they don't have an express statutory right to it. And so they have what they call McDougall motions based on the case of McDougall, just like in a criminal case on a post-trial motion where somebody claims counsel's ineffective, then you have a Krenkel motion based on the case of Krenkel. So, I mean, it's just a Would we be the first court to sanction a Hays motion? I mean, at some point, what's a Krenkel motion that came into fruition? But again, do you routinely file Hays motions? Is this something that any other court has used this terminology? Well, I do have regularly filed Hays motions and also sought relief under Hays. And I think there will be another appeal sooner or later that raises this issue in a different way. I just have not seen published cases that call on it. We see Krenkel hearings all the time in case law. I have not seen any case law that talks about a Hays motion. Well, and the other case that discussed Hays was people versus Rex wrote, which we cited in our brief. And they apply Hays to a similar type of situation. But that's different. I think you're talking over each other in that in the last 23 years since Hays, you're delineating this as a Hays motion after Hays, but the case law doesn't describe it as such. You're creating a type of motion based on that case, even though the case law, just because a case follows us, just because a later case follows a former case, doesn't make it a X motion. So I doubt that in these situations where you followed Hays, you said, this is a Hays motion because maybe the judges wouldn't understand what you're saying, because there's no such thing as a Hays motion. There's a Hays case. You want us to follow the Hays case as you interpret it. Am I expressing myself? That's correct. And using the name in the motion was just a short answer. That's what you wanted to say. So Justice Amroth was correct in her understanding of the case law. That's correct. Okay. And Mr. Johnson, there's another issue that's kind of hanging out there. You're referring to Hays as binding authority. That's how you refer to it in your brief anyway. It's not binding on this court. That's a case from the second district appellate court, which we're not bound by. And we're not saying we disagree with Hays necessarily, we're just not interpreting it the same way you're interpreting it. But if we decided that your interpretation was correct, and we interpreted it differently, you're interpreting Hays the way you're interpreting it, and we agree with your interpretation of it, we could just simply disagree with Hays. So it's not binding authority on us. So you refer to it as binding authority. And maybe that's why you're calling it the Hays motion, as if it's some Supreme Court case, as Crankle is a Supreme Court case. So that may be causing some of the discussion that's surrounding, you're referring to it as binding authority. Well, I appreciate that. Thank you, Justice Walker. If you could wrap up in the next few minutes. One quick question. You're asking us to modify goals, treatment goals. What is the current goal set forth in Mr. Prune, his commitment order? There really is none. There's never been a goal specified to my knowledge. He's just committed as a generic commitment order. I don't think that there's any treatment goals that have been We would stand on the motion. We ask the court to reverse and remand with orders to modify the commitment order in a manner that this court deems appropriate. Thank you. Thank you. You still have your full three minutes. Mr. Siegel. You're on mute. Three of the favorite words, you're on mute. Three of the favorite words on Zoom. My apologies, your honors. You don't have to apologize. We all do it. Good afternoon and may it please the court and counsel. I'm Assistant Attorney General Evan Siegel on behalf of the Illinois Department of Revenue. And to follow up on some of the court's concerns a moment ago, the department also has really never seen a Hays motion or heard that term used by a resident at Rushville to compel the department to provide a certain type of treatment here, individual therapy, let alone on the heels of a conditional release hearing and then a hearing involving periodic review. As your honors noted, we're in the third silo of hearings. They followed closely on the heels of each other. And unless the court has another preference, I'd like to talk first about the merits of the motion regarding PTSD, trauma, and individual treatment. This court should uphold the circuit court's conclusion that the motion to compel the department to treat his PTSD and trauma through individual therapy lack merit. And relatedly, there was no obligation by the court. When you say it lacks merit, you mean that should not be a goal at all? No, I'm saying that in terms of ordering the department to provide individual therapy as your honor. So that's what we were talking about is that the question of individual therapy. And as I understood Mr. Johnson, and if I misstatement, I'm sure he'll crack me on rebuttal, but I don't think, I thought our conversation was that he's not asking necessarily for that. We'll find out what happens, but that should be a goal because we can't get involved as I understand the statute with regard to the treatment aspect that the discretion of the department. Yes, well, let me try to clarify. And Hayes is not the ultimate clarity. I think we all recognize what I'm seeing is that this court has authority to, under the statute, to recognize treatment goals. It has that authority. We don't agree that the court should identify PTSD and trauma as treatment goals, as the circuit court concluded, because in reaching that decision, the circuit court relied on the report by Dr. Kimberly Luck-Davis, which was submitted in the periodic review proceeding that happened just previous. I don't think there was any evidence. There certainly was no testimony. And Mr. Johnson said he didn't, in response to Justice Gammerhat's question, that there was no request for live testimony. That stands to reason because Mr. Johnson views this motion as an ex parte one where the department has no role to participate. So in addition to not, the motion had no merit in either respect. And as the court has stated and understood, there is no... Well, Mr. Zeig, was there a reason that there was no petition to intervene in the trial court? We offered to intervene Justice Walker before Judge Cantus, and we were prepared to file that at that time. And the transcript reflects that Judge Cantus said that it was unnecessary for us to intervene because we had non-party standing. Now turning back to the way this statute... Let me just stop you there. The only cases that I've come across where DHS or an agency would have non-party standing is if they were an appellant or filing a post-trial motion such as a motion to vacate or a motion to reconsider. I have not found any case where DHS or an agency akin has had non-party standing before a court actually orders them to do something. I haven't found it either, Your Honor, but let's talk a little bit the purpose of non-party standing. It exists to vindicate the rights of an affected party that has a stake in the proceedings. But we don't know if your rights have been affected or will be affected, and isn't that why DHS, if they want to be a party, has to formally intervene? I don't agree, Your Honor, because... Well, you said that you do these cases routinely. You've come across certain things. Are you routinely given non-party standing at the trial court level before the court rules? I'm not aware of any other case like this. Well, aren't you saying then that the judge erred with regard to your motion to intervene? No, I'm not. You're not. Well, that might have been the way... That's why you filed the motion. You're saying he didn't err. On the other hand, you were willing to file the motion, which means that you thought that that was the proper vehicle or you wouldn't have made an improper frivolous motion. Am I correct? You must have had a purpose. So what was the purpose of filing the motion, if you say I'm incorrect? We had it at the ready. We offered... Why did you have it at the ready? That would have maybe been a more conventional... That's what we're saying. We say conventional, meaning that's the proper vehicle, because as Justice Gammarath just said, and you shook your head yes at affirmance, this is a one-off that just doesn't happen, because that's not the law. It was what you wanted to do. And just because, you know, sometimes you might lose a point, but that doesn't mean you lose the whole ballgame. So the judge might have been better off having you intervene, which is an appropriate way to do it. We don't want to have a decision, do we, that would create a confusion for the trial courts with regard to DHS? There's no reason to have such a decision because there is a principle at stake in non-party standing, which Judge Cantus recognized. Non-party standing exists not because somebody is an appellant or an appellee, not because a decision has not yet been rendered or is about to be rendered. Non-party standing in the cases that have raised the issue to this point involve a party's key interests in the proceedings. And maybe there just hasn't been a case with these facts. Now, we've been talking this afternoon. Well, that's kind of strange, because this has been going on for years, decades, in fact, and you say this is the first time. And again, you wouldn't have been ready to file that motion unless you knew that it was the proper format. But maybe go on to another argument. I don't know if this is going to be beneficial. Yeah. And let me also ask you, where's the state in all this? Doesn't it seem odd that the state just waved the white flag and said, DHS, you take over? Don't they need to be a party to this? They're not here on appeal. They sort of abandoned ship when this case motion came about. What's your view on that, Mr. Siegel? Totally expected, proper, and procedurally correct, because we're talking about a civil motion that involves going back to non-party standing. What is the department's role in this? What are the department's obligations? Commitment and conditional release are the purview of the people, of my colleagues in our SVP department, under our criminal folks, and on appeal, our criminal appeals division. The civil realm of the department doesn't get involved in the binary decision as to whether somebody is going to remain committed or is subject to conditional release. That's why my colleague representing the people was asked by Judge Willis, do you want some time to respond to this motion, which followed on the heels of the periodic review proceeding, which again, is the purview of the people, not the civil department. And my SVP colleague representing the people said, I'm going to turn this over to the department, which is not here. Now, if he's going to turn it over to the department, which is not here, which is being asked to provide individual treatment and to identify treatment goals, how does the department not have a stake in those proceedings? That is non-party standing at its essence. It doesn't turn on who's where on the caption. And of course the circuit court benefits- Mr. Siegel, I don't want to just keep, I wanted to talk about the merits of this and whether you have an objection to the treatment goals changing or being supplemented with additional, you know, ideas of trauma and PTSD. But I would just say, you know, when you have these periodic reviews and the department or the expert presents plans regularly to court, is DHS always there? No, DHS is not. No, we're not there. Right. So why are you even here? Shouldn't the state have been the one to, to argue why this was inappropriate? No, because Mr. Peroni is asking the department and it's treating individuals and its physicians to provide a certain type of treatment. How could every case? In every case, the department does a treatment. So now you are saying what? That you have non-party status in every case. That would be the result of your argument taken to its logical conclusion. But isn't that true? In every case, the goals are set and the treatment is DHS. Am I right? No, you're not right. Why am I not right? We have to talk about, we have to focus on what particular proceeding is going on. Is it a motion for conditional release? That's the people. Is it a periodic review proceeding? No, no. But in this situation, that's why you had to, you were seeking to intervene. But in this situation, always the treatment is going to be by DHS. So if we go with what you are saying, you'll just open the door for DHS to appear in every case, whatever it was. Well, what would be wrong with Mr. Johnson or Mr. Peroni or his next place simply giving notice to the department? Hey, we're moving on. Because that's not in the statute, is it? The department is mentioned throughout the statute. I understand that they say they have to have notice as you just, you're asking for something that's not in the statute. Am I right? I don't know. Well, if it was, you would be complaining that he didn't give you notice, right? He doesn't even want us to participate in the hearing. He wants us to be experts. I understand. Because there isn't anything that requires, I mean, that's the question that we're debating here. Well, let's go back to the statutory language that we were talking about at the outset. The collaborative approach to this between the courts and the department is based on the statutory frameworks. Section, the sections 41, section 48 talks about SVPs committed to the custody of the department for control, care, and treatment, not to the people. So you said a moment ago, Justice Hyman, that this is a situation that arises again and again and again. I don't know if that's true as Justice Gamrath pointed out. We don't know about Hayes motions. This was a motion for individual treatment that followed on the heels of a denial of conditional release. Now you're getting, but now you're using the word Hayes motion. We've all agreed there is no such thing as a Hayes motion. So now you're saying there is such a thing as a Hayes motion? And that people filed him? I'm saying we haven't seen this fact pattern where I'm not aware of a motion for individual treatment for an individual who hasn't completed group therapy, relying on evidence from these two other proceedings. The evidence before Judge Cantus was the report of Dr. Luck Davis, which was submitted by the people in the periodic review. So Mr. Peroni has attempted to morph all these together to his advantage, wants to keep the department out of the proceedings, but we have a clear interest in the outcome of the proceedings as appellant or appellee. And it's my understanding that uniquely, and I could file something if you want on this, uniquely in Cook County, we are the only county where a motion of this nature would remain on the criminal docket. I have never handled an appeal with a CR number as an assistant attorney general in the civil appeals division. And yet here we are, because the motion for individual treatment by the department remained on the SVP call. That is not how it's handled in other counties, is my understanding. This may have gone in another county to a civil judge. Let me ask you, forget the individual one-on-one treatment. Is it customary for SVPs to file a motion to say, I'm not getting better. I need more resources. I need more treatment. How does this come into play? This isn't the first time that somebody isn't getting better and probably is complaining. What's that procedural mechanism where they could approach the court or somebody else to get more resources? I think it is akin to what was done here through section 40B1, section 40A of the act, section 55, the annual hearing, that's for conditional release. It would be a motion that draws on the teachings of Hays and allows the court and the department to work in tandem to create an individualized plan of treatment that is not individual therapy, as the court has pointed out, to enter reasonable orders regarding the types of treatment required. But the department alone has a discretion to craft the manner of treatment. And maybe the best way to think about it is a duality. The court may identify treatment goals, but the department alone is authorized to determine how to effectuate those goals. And if Mr. Peroni is seeking a treatment goal to recognize his PTSD and trauma, then that's within the purview of this court. But there's no evidence in the record that allows the court to that Judge Cantus made a reversible error by denying that treatment goal. He had before him the Luck-Davis report, which noted and concluded... Yes, so let me ask you, what's the harm? This record is replete with evidence that this gentleman has PTSD. That's undisputed. It's been his treatment notes. We know he has it. So what's the harm in modifying this order to say, on top of everything else, an added treatment goal is for trauma and PTSD? Before you, I can't identify a harm in that. I just don't agree that it's necessarily supported by the record because the department relies on, and this court relies on and defers to, the views of people who are expert in this field and who are in a position... The court hears from experts that there's absolutely nothing that requires a court to follow the suggestion of an expert. And that's been the case for a very long time. Correct. You're correct. Absolutely, Your Honor. But the circuit court is the court that's closest to the evidence. And yes, we are on de novo review. We all agree. But there's nothing in the record, nor has Peroni identified a flaw in the conclusion by Luck-Davis that PTSD and trauma are not relevant to the issues that causes pedophilia. What about Dr. Abbott's report? I know that's in the other proceeding, but that's in the record. Sorry, which doctor did you say? Abbott. Abbott. Well, against that, as I think the court pointed out earlier, there's the Whitehall report, which reaches a different conclusion. I understand. But again, we're de novo on the question of law. Well, it is a different proceeding, and that matters. Tell us how it matters. That proceeding was to determine whether Mr. Peroni was entitled to conditional release, whether he was likely... I understand the proceedings are different, but tell me how it would matter with regard to this issue we are currently discussing. Well, I think it would matter in two ways, that there's a law of the case element, because this court has already affirmed the denial of conditional release based on those reports. That has to have some judicial impact. I don't think it's law of the case, because the issues are different. You've said it. This is a civil realm versus a criminal realm. And so for conditional release, that's different. We could get individualized treatment. There is no question that he cannot backdoor getting conditional release by this so-called case motion. And you said it yourself that this is de novo review. So the trial judge had the record, had the Abbott report, had Locke Davis' report, and presumably had Weidel's report, and ruled based on that. But here you are, de novo review. We may well think Abbott's report is sound in terms of saying, what's the harm? And even Locke Davis recognized that this gentleman does have PTSD. I believe that all that Judge Cantus had in the motion for individual treatment was the record, and that he did not reach back and consider Abbott or Weidel. He limited his review. Wasn't the case motion premised on Abbott's opinion? That was the very basis for that motion. You're correct, Your Honor. So are you saying he did not, you believe that the judge did not consider Abbott's opinion, that he did not have it before him? I may be misremembering that the order, I believe the oral order refers only to Locke Davis. It's a truncated order. But if that was true, then, I mean, that might be a reversible error in itself. We'll have to look at the record, and I can supplement this. If the court wishes, the answer may be before us. But I want to distinguish between the two. Mr. Siegel, Justice Gammath has asked you this question a couple of times, what would be the harm? And I guess the harm I would see is that if we were to order individualized treatment, that could be the harm, because we will be ordering DHS to do something that it's probably not able to provide. And that I could see that being the harm. But stepping back for a second and assuming that if we were to find that this should be a treatment goal to address his PTSD and his trauma, without ordering the individualized treatment, it comes back to the question that Justice Gammath asked you a couple of times. There's no harm in that. And we're certainly not bound by what the trial court has decided, because as you've stated several times, this is de novo review. So we're looking at the case anew. We're looking at it as if we're looking at it really for the first time. So if we were to order that, because here's the thing, standards of decency has changed. And if this were 20 years ago, we'd say, you know, don't provide him anything, let him rot, let him just ruin himself. But standards of decency in our society have changed. And now, if there's a possibility, and I think this is where both justices have been going, if there's a possibility to provide him with some treatment that's going to help him, help society, why not do it? It's a rhetorical, excellent question, Your Honor. And my answer is that the evidence doesn't support, based on the circuit court's review of the evidence, primarily, I think, the Locke-Davis report, that it's not narrated here. And it can't be effectuated through individual treatment, because... You misunderstood me. I took the individual treatment out of it. Thank you. We probably agree with you. I don't want to speak for everybody here. But we probably agree with you that if we were to order this individualized treatment treatment that applies to him only, and the department... I remember reading something in the record where that's just not something the department does. So that would be overstepping. But clearly, we can order that treatment of his PTSD and his trauma be simply a goal of the department. You unquestionably have that authority, Justice Walker. Without ordering individualized treatment, correct? Correct. Okay. All right. Thank you. And Mr. Johnson said that this is just a standard commitment order, and there's really no goal. What's the typical goal in a commitment order? Because this court certainly doesn't want to anything that would suggest we don't want his behavior for being SVP to not be a goal. Of course, that's always going to be the goal. But adding on these other goals of treatment. So do you know what his commitment order looks like? I do not know, Your Honor. I don't recall seeing it in the record. But the treatment goal of any SVP is to ensure that the person receives the necessary care so that they're no longer a sexually violent person and can return to society and not be a recidivist. That's the goal for any treatment. Unless there's any other questions, if you could conclude. We rest on our briefs, Your Honor, if the court has no further questions on issue, conclusion, and judge shopping. And we ask the court to affirm the circuit court's judgment. Thank you. Mr. Johnson. I'd like to start off by going back to my answer to Justice Kammerath. I rechecked the record. We did not request an evidentiary hearing. Thank you. Additionally, the State, I'm sorry, the Department of Human Services, their argument concerning non-party standing will have to apply to allowing Department of Corrections to intervene in any case where somebody might be sentenced to the penitentiary. So it's far too broad for this court. This court should not adopt it. I do want to go back and address the issues of Dr. Laup Davis and Dr. Weidel. Dr. Laup Davis issued a report saying she didn't think PTSD was relevant to the SVP Act. Not that she didn't say it was relevant to treatment. She said it was a treatment-related disorder. And if you look at her report, she didn't even diagnose him with PTSD. So her report doesn't really contradict anything that Abbott said. She's admitting that it's a treatment-related disorder. Similarly, at page R578 of the record, Dr. Weidel admits that somebody with a background like Mr. Perrone's who had been abused as a child could have the disclosure group be triggering for them. So there's not really a dispute from Dr. Weidel either as to this being a problem. Both of the states, I'm sorry, both of DHS's evaluators say that this is a treatment-related problem and as does Dr. Abbott. So there's really no dispute on that. And so for those reasons, we would certainly ask at a minimum that the court remand with directions to modify the order to impose the treatment targets of PTSD and treatment. We're not asking for the commitment order to be modified in any other way other than what we've asked for with the individual treatment. Thank you. So the individual treatment, your expert Abbott said DHS can't do it, right? That's what Abbott said. They can't do it. It's not available. Therefore, he should be released so that he can get this treatment. So with that premise that we know DHS cannot provide individual therapy or treatment, what's next? So you're asking us to create the impossible setup for DHS to tell them, do this, even though we know they can't. Well, I don't think it's impossible. I mean, Dr. Abbott did testify. That's absolutely correct. The fact of the matter is if the court were to order that this be part of his treatment, they would have to do it. Well, they don't, right? Because didn't the court in Hayes reverse that order that they have some, you know, pay for some outside therapists? Well, that was for somebody who was going to oversee their entire treatment program. So that was right. But we're not in the business of telling DHS, go out, hire these specialists, go pay for outside treatment. And we're certainly not in a position to let your client out so that he could get one-on-one treatment somewhere else. But it's not this court who's ordering that. It's the statute. It's the general assembly who's ordered the department to provide services to him in accordance with the commitment order. So this court has nothing to do. Right. But you're asking us to change the commitment order. He's been denied conditional release. You realize he's not going to get it by virtue of a case motion, correct? That's correct. We're not seeking conditional release. We're seeking modification of the commitment order to identify the goals and the individual treatment, which is permissible under the statute. And individual therapy. The court would not order DHS to provide individual therapy. That's the statute that does that. Just like the statute. Where? Where? Section 40B2. It doesn't say anything about individual treatment. It says the department has to arrange for the treatment in accordance with. This is what was interpreted by Hayes, in accordance with the commitment order. Okay. Thank you. I have nothing further. Any other questions? All right. Thank you very much. Excellent presentations to both of you and your briefs. Appreciate it. Last, if both, a lot of questions and you both handled it very well. So we'll take case under advisement and be deciding forthwith. Thank you. Have a good afternoon.